IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY CHARLES, | § | |
| | § | No. 370, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2006000287A (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 3, 2026
Decided: April 6, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's denial of the appellant's motion for postconviction relief. On September 27, 2021, the appellant, Harry Charles, pleaded guilty to second-degree murder, possession of a firearm during the commission of a felony, and second-degree conspiracy. On December 15, 2021, the Superior Court sentenced Charles to an aggregate of twenty-five years of incarceration followed by decreasing levels of community supervision. Charles did not appeal his convictions or sentence and, accordingly, his convictions became final thirty days thereafter.[1] On August 1, 2024—more than three years and six

---

[1] Del. Super. Ct. Crim. R. 61(m)(1)(i).

months after his convictions became final—Charles filed a motion for postconviction relief under Superior Court Criminal Rule 61, raising claims of ineffective assistance of counsel. The Superior Court did not abuse its discretion when it denied the motion for postconviction relief: it was procedurally barred as untimely filed[2] and did not satisfy the pleading requirements of Rule 61(i)(5).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[2] Del. Super. Ct. Crim. R. 61(i)(1) (providing in part that "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final").